CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
NOV 25 2009
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MAURICE P. SCOTT,** ) | Civil Action No. 7:09-cv-00377 |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **PRISON GUARD KELLY, WARDEN,** ) | By: Hon. Jackson L. Kiser |
| Respondent. ) | Senior United States District Judge |

Maurice P. Scott, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner alleges that defects in his state pretrial proceedings void his state criminal conviction. Upon screening the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, I dismiss the petition as untimely filed.

I.

Petitioner alleges the following facts. The Circuit Court for the City of Lynchburg entered petitioner's three convictions related to an attempted robbery on April 15, 2005, following petitioner's guilty plea. (Pl.'s Resp. (docket #7) ¶ A.) Petitioner did not appeal the convictions. (Pet. 2.)

Petitioner filed his first state petition for a writ of habeas corpus about his Lynchburg convictions[1] to the Virginia Supreme Court on October 25, 2006. Scott v. Warden of the Sussex I State Prison, No. 062329, slip op. at 1 (Va. July 3, 2007). After considering the merits of petitioner's claims, the Supreme Court of Virginia dismissed his petition on July 3, 2007. Id. at 4. Petitioner filed another petition for a writ of habeas corpus to the Supreme Court of Virginia on June 5, 2009. (Pl.'s Resp. ¶ D.) The Supreme Court of Virginia denied petitioner's state

---

[1] Petitioner was also convicted in the Circuit Court of Bedford County for crimes related to a different robbery, and he filed a federal petition for a writ of habeas corpus concerning that convictions separate from these convictions in the Circuit Court for the City of Lynchburg. See Rule 2(e) of the Rules Governing § 2254 Cases; Scott v. Warden Kelly, No. 7:09-cv-00412 (W.D. Va.).

habeas petitions in August 2009. (Id.)

II.

Habeas petitions filed under § 2254 are subject to a one-year period of limitation. 28 U.S.C. § 2244(d)(1). Generally, this period begins to run from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2244(d)(1)(A).[2] A conviction becomes final once the availability of direct review is exhausted. See United States v. Clay, 537 U.S. 522, 524 (2003). However, pursuant to 28 U.S.C. § 2244(d)(2), the one-year filing period is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." If the district court gives the defendant notice that the motion appears to be untimely and allows an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A). The circuit court entered judgment against petitioner on April 15, 2005, and he had thirty days to file a notice of appeal to the Court of Appeals of Virginia. See Rule 5A:6(a) of the Rules of the Supreme Court of

---

[2]The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1)(A)-(D).

Virginia. He did not appeal. Therefore, his conviction became final for purposes of § 2244(d)(1) in May 2006, when his opportunity to pursue a direct appeal expired. The one-year period under § 2244(d)(1)(A) to file a § 2254 petition began to run for petitioner the following day. Petitioner filed his first state habeas petition in October 2006 to the Supreme Court of Virginia, which it refused in July 2007. Therefore, four months passed before petitioner filed his state habeas. Petitioner filed his federal habeas petition, at the earliest, on August 17, 2009.[3] Therefore, another 24 months passed between July 2007 and August 2009, making the petition filed well beyond the requisite one-year statute of limitations. As a result, Petitioner's petition is untimely under § 2244(d)(1)(A).

The one-year filing period under § 2244(d)(1)(A) had already expired by the time petitioner filed a second state habeas petition in the Supreme Court of Virginia in June 2009. Therefore, the pendency of that second state habeas petition did not toll the period of limitation pursuant to § 2244(d)(2). See Brown v. Langley, 348 F. Supp. 2d 533, 536 (M.D.N.C. 2004) ("[S]ubsequent motions or petitions cannot revive a period of limitation that has already run."). Although the court provided petitioner the opportunity to discuss why the petition should be considered timely, petitioner argued the merits of his underlying claims and did not address the timeliness of his petition. Accordingly, I find that the petition was not timely filed, and I must dismiss it.

III.

For the foregoing reasons, I dismiss the petition for a writ of habeas corpus, pursuant to 28

---

[3] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his petition to prison officials for mailing. See Rule 3(d), Rules Governing § 2254 Cases; Houston v. Lack, 487 U.S. 266 (1988). It appears that petitioner signed his petition on August 17, 2009. (Pet. 108.) Accordingly, I will assume for purposes of this opinion that he also "filed" it on that date by delivering it to prison authorities for mailing.

3

U.S.C. § 2254 as untimely filed. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 25th day of November, 2009.

Senior United States District Judge